## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HECTOR VAZQUEZ<br>2826 Rose Hill Street<br>Philadelphia, PA 19134 | :    CIVIL ACTION NO. _____<br>:<br>: |
| & | :    **JURY TRIAL DEMANDED** |
| ANTHONY JIMENEZ<br>2960 Rose Hill Street<br>Philadelphia, PA 19134 | :<br>:<br>: |
| on behalf of themselves and all others<br>similarly situated | :<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| MC CABLE, LLC.<br>333 s. 13th Street, 1F<br>Philadelphia, PA 19107 | :<br>:<br>: |
| Defendant. | :<br>: |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Hector Vazquez ("Vazquez") and Anthony Jimenez ("Jimenez") (hereinafter collectively "Plaintiffs"), by and through their undersigned attorney, for their Collective and Class Action Complaint against MC Cable, LLC ("Defendant"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs initiate this action, on behalf of themselves and all others similarly situated, contending that Defendant violated their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333.100 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.* Specifically, Plaintiffs allege that Defendant failed to pay them and others similarly situated overtime compensation pursuant to the requirements of the FLSA/PMWA and further failed to pay them wages which were earned, due, and owing under the WPCL.

2.      Plaintiff Hector Vazquez is a former employee of Defendant who was employed as a "Technician." During the course of his employment, Vazquez regularly worked in excess of forty (40) hours per week, but was not properly compensated for his work in that Vazquez was not paid an overtime premium calculated at 1.5 times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, as required by the FLSA and PMWA.

3.      Plaintiff Anthony Jimenez is a former employee of Defendant who was employed as a Technician. During the course of his employment, Jimenez regularly worked in excess of forty (40) hours per week, but was not properly compensated for his work in that Jimenez was not paid an overtime premium calculated at 1.5 times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, as required by the FLSA and PMWA.

4.      Plaintiffs bring this action under the FLSA, PMWA, and WPCL for monetary damages to seek redress for Defendant's willful, unlawful, and improper conduct.

5.      Plaintiffs further bring individual claims under Title VII of the Civil Rights of Act of 1964 ("Title VII"), 42 § 2000(e) et seq. and Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), alleging that Defendant discriminated against them on account of their race and national origin, Hispanic, and in retaliation for their complaints regarding the same.[1]

---

[1] As used herein, the term "Hispanic" refers to Plaintiffs' race and/or national origin.

## PARTIES

6.      Plaintiff Hector Vazquez is a citizen of the United States and Pennsylvania and currently maintains a residence located at 2826 Rose Hill Street, Philadelphia, PA 19134.

7.      Plaintiff Anthony Jimenez is a citizen of the United States and Pennsylvania and currently maintains a residence located at 2960 Rose Hill Street, Philadelphia, PA 19134.

8.      Defendant MC Cable, LLC is a corporation organized and existing under the laws of the State of Pennsylvania with a registered office address of 333 S. 13th Street, 1F, Philadelphia, PA 19134.

## JURISDICTION AND VENUE

9.      Plaintiffs incorporate the foregoing 8 paragraphs as if the same were fully set forth at length herein.

10.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

11.     This Court has supplemental jurisdiction over Plaintiffs' PMWA/WPCL claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

12.     This action is authorized and initiated pursuant to the FLSA, Title VII, and Section 1981.

13.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action arising under the laws of the United States.

14.     On or about June 17, 2017, Plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which were dually filed with the

3

Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e).

15.     Plaintiff Vazquez's Charge of Discrimination was docketed as Charge No. 530-2017-02792 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

16.     Plaintiff Jimenez's Charge of Discrimination was docketed as Charge No. 530-2017-02793 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

17.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

19.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually for themselves and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the positions of Technician or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three (3) years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

20.     The precise number of similarly situated potential Class Plaintiffs can be easily ascertained by Defendant.  These employees can be identified and located using Defendant's

4

payroll and personnel records.  Potential Class Plaintiffs may be informed of the pendency of this

Collective Action by direct mail and/or publication.

21.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective

action because all the class members are similarly situated.  Plaintiffs and other similarly situated

employees were similarly not paid an overtime premium for all hours worked in excess of forty

(40) in a workweek, had the same job classification and job duties, and were subject to the same

uniform policies, business practices, payroll practices, and operating procedures.   Further,

Defendant's willful policies and practices, which are discussed more fully in this Collective and

Class Action Complaint, whereby Defendant failed to pay Plaintiffs and Class Plaintiffs an

overtime premium for all hours worked over forty (40) hours in a workweek, has affected Plaintiffs

and the Class Plaintiffs in the same fashion.

22.     Plaintiffs will request the Court to authorize notice to all current and former

similarly situated employees employed by Defendant, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

### CLASS ACTION ALLEGATIONS

23.     Plaintiffs bring this action on behalf of themselves and on behalf of the following

state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendant during the last three (3)
> years in the position of "Technician" or in positions with similar job duties who
> were denied overtime compensation for work performed in excess of forty (40)
> hours in a workweek.

24.     The members of the Class are so numerous that joinder of all members is

impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

25.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

a.      Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

b.      Whether Plaintiffs and the Class worked in excess of forty (40) hours per week;

c.      Whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount;

d.      Whether Defendant failed to pay Plaintiffs and the Class wages and overtime wages in the period when said wages became due and owing in violation of the WPCL; and

e.      Whether Plaintiffs and the Class are entitled to liquidated damages under the WPCL.

26.     Plaintiffs' claims are typical of the claims of the Class members.  Plaintiffs are former employees of Defendant who were employed in the positions of Technician and who have suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation.  Defendant's conduct of violating the FLSA, PMWA, and WPCL has affected Plaintiffs and the Class in the exact same way.

27.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

28.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

29.     Pursuant to Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

6

a.       the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

b.       Defendant, by failing to pay overtime compensation when it is due and owing in violation of the FLSA, PMWA, and WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

c.       the common questions of law and fact applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

d.       A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense as if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.  The presentation of separate actions by individual Class members could substantially impair or impede the ability of the Class to protect their interests.

## FACTS RELEVANT TO PLAINTIFFS' CLAIMS FOR UNPAID OVERTIME COMPENSATION

30.     Plaintiffs incorporate the foregoing 29 paragraphs as if the same were more fully set forth at length herein.

31.     At all times relevant hereto, Defendant was engaged in the business of installing cable lines in residential neighborhoods in the Philadelphia area for third-party telecommunication companies (primarily the Comcast Corporation).

32.     As Technicians, Plaintiff and Class Plaintiffs were responsible for the installation of said cable lines.

33.     Plaintiffs and Class Plaintiffs had no authority or freedom to accept or reject different assignments.  Rather, Plaintiffs and Class Plaintiff were simply responsible for installing cable lines in the geographic areas directly assigned to them.

34.     In this regard, Defendant set the schedules, hours worked, and geographic territories for Plaintiffs and Class Plaintiffs.

35.     Plaintiffs and Class Plaintiffs were not allowed to sub-contract any of their assigned work to other individuals or entities and were not permitted to perform work for other entities providing similar services as Defendant.

36.     Defendant supervised and directed the manner in which Plaintiffs and Class Plaintiffs installed cable lines.  Specifically, Plaintiffs and Class Plaintiffs were expected to follow specific guidelines, policies, and procedures set by Defendant.

37.     In this regard, after Plaintiffs and Class Plaintiffs installed cable lines in a specific neighborhood, other employees of Defendant would review said installations to ensure that it was performed in accordance with Defendant's policies and protocols.

38.     Additionally, Plaintiffs and Class Plaintiffs were not responsible for providing the supplies necessary to install the cable lines.  These supplies (i.e. the actual cable lines, clips, and hangars) were provided by Defendant's customers.

39.     In carrying out the foregoing job duties, Plaintiffs and Class Plaintiffs routinely worked in excess of forty (40) hours per week.  Plaintiffs Vazquez and Jimenez each worked approximately 55 hours per week.

40.     Despite the fact that Plaintiffs and Class Plaintiffs routinely worked over 40 hours per week, Plaintiffs and Class Plaintiffs were not provided with overtime compensation, calculated at one and one-half times their regular rate of pay, for hours worked in excess of forty (40).

41.     Rather, Plaintiffs and Class Plaintiffs were simply compensated on a piece-rate basis (i.e. by each residential home for which Plaintiffs and Class Plaintiffs installed a cable line). Plaintiffs Vazquez and Jimenez were paid $11.00 per residential home for which  a cable line was installed.

42.     Plaintiffs' and Class Plaintiffs' managerial skills had no bearing on their potential to realize increased profits or compensation.  In other words, Plaintiffs and Class Plaintiffs were economically dependent on Defendant.

43.     As a result of the foregoing, Plaintiffs and Class Plaintiffs were "employees" of Defendant within the meaning of the FLSA, PMWA, and WPCL.

44.     However, Defendant treated Plaintiffs and Class Plaintiffs as independent contractors whose compensation was reflected on IRS forms 1099.  In other words, Defendant misclassified Plaintiffs and Class Plaintiffs as independent contractors.

45.     In doing so, Defendant failed to pay Plaintiffs and Class Plaintiffs overtime compensation at one and one half times their regular rates of pay for all hours worked over forty (40) in a workweek.

46.     Plaintiffs and Class Plaintiffs performed the aforementioned compensable work and services pursuant to the requests of the agents, servants, and employees of Defendant.

47.     By performing the work and services for Defendant, Plaintiffs and the Class Plaintiffs conferred a benefit to Defendant.

48.     Despite requesting the aforementioned work and services to be performed and receiving the benefits of said work and services, Defendant has failed to compensate Plaintiffs and the Class Plaintiffs for all compensable work and services rendered.

49.     As a result of Defendant's aforesaid illegal actions, Plaintiffs and the Class Plaintiffs have suffered damages.

## FACTS RELEVANT TO PLAINTIFFS' INDIVIDUAL CLAIMS

50.     Plaintiffs incorporate the foregoing 49 paragraphs as if the same were more fully set forth at length herein.

51.     Plaintiff Vazquez's race is Hispanic.

52.     Plaintiff Jimenez's race is Hispanic.

53.     Both Vazquez and Jimenez are of Hispanic/Puerto Rican national origin as their respective ancestries trace back to Puerto Rico.

54.     Plaintiffs Vazquez and Jimenez began their employment with Defendant in or about July of 2016.

10

55.     Over the course of their employment with Defendant, Plaintiffs began to notice that Defendant's owner, Sean (last name unknown) ("Sean LNU"), treated individuals of Hispanic race and/or national origin differently and less favorably than he treated non-Hispanic employees.

56.     Specifically, Sean LNU would unnecessarily discipline Plaintiffs and other Hispanic workers over relatively minor issues for which non-Hispanic employees were never subjected to any discipline.

57.     For example, Sean LNU would constantly criticize Plaintiffs' performance (specifically the way in which certain cables were installed) despite the fact that their work-product was nearly identical to that of non-Hispanic Technicians.

58.     As a result of the foregoing conduct, Vazquez lodged a complaint with Sean LNU in or about October 2016 wherein Vazquez expressed his belief, on his own behalf as well as that of Plaintiff Jimenez, that he and Jimenez were being discriminated against and subjected to disparate treatment on account of their Hispanic race and national origin.

59.     In lodging this Complaint, Plaintiff Vazquez specifically communicated to Sean LNU Plaintiff Jimenez's belief that Jimenez was being treated less favorably on account of his Hispanic race and national origin.

60.     No corrective or remedial action was taken in response to this Complaint.

61.     Merely one (1) month after Vazquez lodged his complaint with Sean LNU, Defendant terminated both Vazquez and Jimenez without providing any reason for the same.

62.     As a result of the foregoing, Plaintiffs believe and thus aver that their employment with Defendant was terminated on account of their Hispanic race and/or national origin and in retaliation for Vazquez's complaints of unlawful discrimination based on the same.

63.     As a direct and proximate result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiffs have suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential bonuses, and other economic damages, and have also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damages to their reputations.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, et seq.**
**FAILURE TO PAY OVERTIME COMPENSATION**

64.     Plaintiffs incorporate herein by reference paragraphs 1 through 63 as though same were fully set forth at length herein.

65.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

66.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

67.     According to the policies and practices of Defendant, Plaintiffs and Class Plaintiffs were required to work in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per week, Plaintiffs and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.

68.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

69.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

70.     Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216 (b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years as Technician and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiffs and Class Plaintiffs for compensable hours in excess of forty (40) hours per week and for all hours worked;

E.     Awarding Plaintiffs and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.     Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

13

G.     Awarding Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.     Awarding pre and post-judgment interest and court costs as further allowed by law;

I.     Granting Plaintiffs and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.     For all additional general and equitable relief to which Plaintiffs and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

71.    Paragraphs 1 through 70 are hereby incorporated by reference as though same were fully set forth at length herein.

72.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

73.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half (1.5) times the employee's regular rate" four hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

74.    By the actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiffs and Class Plaintiffs for all hours work.

75.    As a result of Defendant's unlawful acts, Plaintiffs and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

14

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

B.      An award to Plaintiffs and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiffs and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiffs and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 Pa. Con. Stat. § 260.1 *et seq.***

76.     Paragraphs 1 through 75 are hereby incorporated by reference as though same were fully set forth at length herein.

77.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, by failing to pay certain wages and benefits earned, due, and owing to Plaintiffs and Class Plaintiffs pursuant to Defendant's policies, practices, and agreements with Plaintiffs and Class Plaintiffs.

78.     Plaintiffs and Class Plaintiffs are entitled to compensation for hours of work which they performed for Defendant and for which they were not properly compensated.

79.     As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the WPCL.

15

**WHEREFORE,** Plaintiffs pray for relief on behalf of themselves and the Class to the fullest extent permitted by law including, but not limited to, the award of any and all damages Plaintiffs and the Class are entitled to under applicable law.

## COUNT IV
### *As to Plaintiff Vazquez Individually*
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000(e), et seq.
### DISCRIMINATION AND RETALIATION – Race

80.     Plaintiff Vazquez repeats and incorporates the foregoing 79 paragraphs as if the same were more fully set forth at length herein.

81.     Plaintiff Vazquez was subjected to unlawful discrimination and retaliation, as described above, on account of his race, Hispanic, and his complaints of being discriminated against due to the same.

82.     Defendant's conduct as alleged herein constitutes unlawful discrimination and retaliation in violation of Title VII.

83.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff Vazquez has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff Vazquez respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)     Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

16

(2)     Compensatory and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

(3)     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(4)     Pre-judgment interest in an appropriate amount; and

(5)     Such other and further relief as is just and equitable under the circumstances.

**COUNT V**
*As to Plaintiff Vazquez Individually*
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000(e), et seq.**
**DISCRIMINATION AND RETALIATION – National Origin**

84.     Plaintiff Vazquez repeats and incorporates the foregoing 83 paragraphs as if the same were more fully set forth at length herein.

85.     Plaintiff Vazquez was subjected to unlawful discrimination and retaliation, as described above, on account of his Hispanic/Puerto Rican national origin and his complaints of being discriminated against due to the same.

86.     Defendant's conduct as alleged herein constitutes unlawful discrimination and retaliation in violation of Title VII.

87.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff Vazquez has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff Vazquez respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)    Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

(2)    Compensatory and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

(3)    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(4)    Pre-judgment interest in an appropriate amount; and

(5)    Such other and further relief as is just and equitable under the circumstances.

### COUNT VI
#### *As to Plaintiff Jimenez Individually*
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000(e), et seq.
### DISCRIMINATION AND RETALIATION – Race

88.    Plaintiff Jimenez repeats and incorporates the foregoing 87 paragraphs as if the same were more fully set forth at length herein.

89.    Plaintiff Jimenez was subjected to unlawful discrimination and retaliation, as described above, on account of his Hispanic race and his complaints, as communicated through Plaintiff Vazquez, of being discriminated against due to the same.

90.    Defendant's conduct as alleged herein constitutes unlawful discrimination and retaliation in violation of Title VII.

18

91.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff Jimenez has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff Jimenez respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)     Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

(2)     Compensatory and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

(3)     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(4)     Pre-judgment interest in an appropriate amount; and

(5)     Such other and further relief as is just and equitable under the circumstances.

## COUNT VII
### *As to Plaintiff Jimenez Individually*
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000(e), et seq.
### DISCRIMINATION AND RETALIATION – National Origin

92.     Plaintiff Jimenez repeats and incorporates the foregoing 91 paragraphs as if the same were more fully set forth at length herein.

93.     Plaintiff Jimenez was subjected to unlawful discrimination and retaliation, as described above, on account of his Hispanic/Puerto Rican national origin and his complaints, as communicated through Plaintiff Vazquez, of being discriminated against due to the same.

94.     Defendant's conduct as alleged herein constitutes unlawful discrimination and retaliation in violation of Title VII.

95.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff Jimenez has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff Jimenez respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)     Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

(2)     Compensatory and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

(3)     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(4)     Pre-judgment interest in an appropriate amount; and

(5)     Such other and further relief as is just and equitable under the circumstances.

**COUNT VIII**
*As to Plaintiff Vazquez Individually*
**VIOLATIONS OF 42 U.S.C. § 1981**
**DISCRIMINATION AND RETALIATION**

96.     Paragraphs 1 through 95 are hereby incorporated by reference as though same were fully set forth at length herein.

97.     Plaintiff Vazquez avers that Defendant, by its actions alleged above, discriminated against him with respect to the terms and conditions of his employment, and terminated his employment, on account of his race and in retaliation for his complaints regarding said discrimination.  Plaintiff seeks relief for these adverse actions.

98.     These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff Vazquez respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)     Back wages and front pay in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

(2)     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount to be determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(3)     Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

(4)     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just and proper, including, but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

(5)     Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this

21

action;

(6)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(7)     Pre-judgment interest in an appropriate amount; and

(8)     Such other and further relief as is just and equitable under the circumstances.

## COUNT IX
### *Plaintiff Jimenez Individually*
### VIOLATIONS OF 42 U.S.C. § 1981
### DISCRIMINATION AND RETALIATION

99.     Paragraphs 1 through 98 are hereby incorporated by reference as though same were fully set forth at length herein.

99.     Jimenez avers that Defendant discriminated against him with respect to the terms and conditions of his employment, and terminated his employment, on account of his race and in retaliation for his complaints regarding said discrimination. Plaintiff seeks relief for these adverse actions.

100.     These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff Jimenez respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1)     Back wages and front pay in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

(2)     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount to be determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers

22

from engaging in such misconduct in the future;

(3)     Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

(4)     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just and proper, including, but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

(5)     Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action;

(6)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(7)     Pre-judgment interest in an appropriate amount; and

(8)     Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issue so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated:

24

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.